UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH PARKS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF MODESTO,<br><br>　　　　Defendant. | No.  2:16-cv-0848 MCE CKD PS<br><br><br><u>ORDER</u> |

    Plaintiff is proceeding in this action pro se and in forma pauperis.  This proceeding was referred to this court by Local Rule 302(c)(21).  Plaintiff has filed an amended complaint.

    The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.

/////

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In the amended complaint, plaintiff alleges that her civil rights were violated in connection with the denial of a renewal of a permit to operate a taxi cab within the city limits of

Modesto. The amended complaint does not cure any of the deficiencies this court found in the original complaint. As the court noted in the prior order dismissing the original complaint with leave to amend, the denial of plaintiff's application for a permit to operate a taxi in the circumstances alleged did not state a claim for violation of plaintiff's civil rights. Although the exhibits attached to the amended complaint demonstrate that plaintiff has recently reapplied for a permit, there is no indication that said application has been denied. Again, as presently pled, plaintiff has failed to state a claim.

Plaintiff is advised that the Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////
/////
/////

1   Plaintiff names as the sole defendant in the amended complaint the City of Modesto. The
2 amended complaint, however, contains no allegations that any official policy gave rise to the
3 alleged constitutional deprivation. See Monell v. Department of Social Servs., 436 U.S. 658
4 (1978).

5   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
6 make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended
7 complaint be complete in itself without reference to any prior pleading. This is because, as a
8 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
9 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
10 longer serves any function in the case. Therefore, in an amended complaint, as in an
11 original complaint, each claim and the involvement of each defendant must be sufficiently
12 alleged.

13   In accordance with the above, IT IS HEREBY ORDERED that:
14   1. Plaintiff's amended complaint is dismissed; and
15   2. Plaintiff is granted thirty days from the date of service of this order to file a second
16 amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,
17 and the Local Rules of Practice; the second amended complaint must bear the docket number
18 assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an
19 original and two copies of the second amended complaint; failure to file a second amended
20 complaint in accordance with this order will result in a recommendation that this action be
21 dismissed.

22 Dated: June 15, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

26 4 parks0848. lta2